ORANGE LUMBER CO. et al. v. TOOLE.*
(No. 6936.)

(Court of Civil Appeals of Texas. Galveston. Nov. 2, 1915. Rehearing Denied Dec. 2, 1915.)

1. CORPORATIONS ☞630—DISSOLUTION—POWER TO DEFEND SUIT.

A Texas corporation, after its legal dissolution, could not maintain or defend an action to enforce rights acquired during its corporate life, unless its capacity in such respect was continued by the provisions of its charter, or otherwise by statute, and Rev. St. 1911, art. 1206, continuing a corporation to enable its directors whom the law makes trustees of its assets to settle up its affairs, neither expressly nor inferentially revives or extends its existence for the purpose of defending a suit on a contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2482–2486; Dec. Dig. ☞630.]

2. TRIAL ☞260—REQUESTED INSTRUCTIONS—GIVEN INSTRUCTIONS.

Refusal of requested charges was not error, where they were substantially submitted in the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

3. LIMITATION OF ACTIONS ☞27 — ACTIONS FOR PRICE.

An action for the balance of the purchase price of logs sold by oral contract to a corporation, brought against such corporation after its dissolution, and against its statutory trustee more than two years after the corporation had been dissolved and after the alleged cause of action had accrued, was barred by the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 132, 133; Dec. Dig. ☞27.]

4. LIMITATION OF ACTIONS ☞103—COMPUTATION OF PERIOD—REPUDIATION OF TRUST.

Where the director and officer of a legally dissolved corporation was sued on the corporation's contract as its trustee to wind up its affairs as provided by Rev. St. 1911, art. 1206, limitations would run in his favor as against the creditor, although the trustee did not give notice of his repudiation of the trust.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 500, 506–510; Dec. Dig. ☞103.]

5. LIMITATION OF ACTIONS ☞83—DEATH OF PERSON LIABLE.

An action on a contract of sale brought against a corporation after its dissolution, and against its president and director, made by Rev.

St. 1911, art. 1206, a trustee to wind up its affairs, the limitation was not suspended until 12 months after its dissolution, as article 5704, providing that on the death of a debtor limitation shall cease to run 12 months unless the administrator or executor shall have sooner qualified, is not applicable, and, if applicable, would afford no relief, as the president became the qualified trustee of the dissolved corporation immediately upon its dissolution.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 426, 431–438; Dec. Dig. ☞83.]

6. CORPORATIONS ☞630—DISSOLUTION—ACTION AGAINST TRUSTEE—PLEADING.

In an action to recover the balance due on logs sold to a corporation, brought after its dissolution and after its president and director had become its statutory trustee for collecting its assets and settling its affairs, where the petition did not allege that at the time of the corporation's dissolution it had or owned any assets, and there was no evidence that it had any assets then, or that the trustee received any of its assets, judgment against the trustee was erroneous.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2482–2486; Dec. Dig. ☞630.]

Appeal from District Court, Sabine County; A. E. Davis, Judge.

Action by J. O. Toole against the Orange Lumber Company, which impleaded the American Lumber Company, and in which J. M. West was made a party defendant. Judgment for plaintiff against the Orange Lumber Company and J. M. West as its trustee jointly and severally, and in favor of such defendants over against their codefendant, and the defendants appeal. Reversed, and judgment rendered for the defendants.

Terry, Cavin & Mills, of Galveston, and F. J. & C. T. Duff, of Beaumont, for appellant American Lumber Co. W. O. Huggins, of Houston, for appellants Orange Lumber Co. and J. M. West. J. W. Minton, of Hemphill, for appellee.

LANE, J. This suit was brought by J. O. Toole, appellee, against the Orange Lumber Company, a defunct Texas corporation, in the district court of Sabine county on the 7th day of March, 1913, and for cause of action it was alleged that on the 25th day of May, 1910, defendant entered into an oral contract with plaintiff to buy from him 575,240 feet of floating pine logs, and agreed that plaintiff should put the logs into Sabine river and that defendant would accept the logs in Sabine river, and defendant agreed to run and float said logs to Orange at their own expense and have them scaled at Orange, as they should arrive, by W. R. Merriman, who was a log scaler in the employ of the defendant; and it was further stipulated and agreed that a report should be made each month by defendant of the logs received, and that each month's scale should be paid at Hemphill, Sabine county, Tex., during the next month, at the rate of $7.50 per thousand feet, which was the reasonable value of said logs, until the logs should be

received and paid for. It was further agreed that the defendant would float the logs all to Orange as soon as the condition of the river would permit; that he put all of the said 575,240 feet of logs into Sabine river before July 1, 1910, and delivered them to defendant; that defendant's agent took charge of said logs to float them to Orange; that during 1910 defendant received at Orange 245,716 feet of said logs, for which it paid as per its contract; that during the year 1911, up to the month of December, defendant reported the receipt of an additional 83,604 feet of said logs, for which it paid; that during the year 1911 defendant floated all of said logs to Orange and used the same, but it made no report of the receipt of, nor did it pay for, any of said logs, except as stated above; that defendant received up to January 1, 1912, 245,920 feet of said logs at Orange, which it either used or sold for which it has never paid, to appellee's damage in the sum of $1,844.40; that in the event it should be found that the 245,920 feet of said logs, not reported, were not floated by defendant to Orange, then he says defendant has breached its contract, to appellee's damage in the sum of $1,844.40, for which he prayed judgment.

On the 11th day of September, 1913, counsel representing the defunct corporation, the Orange Lumber Company, made answer to appellee's original petition, specifically denying that it was guilty of any of the wrongs charged to it by said petition, and specially averring that it has paid appellee in full for all the logs received by it, and further alleged that prior to April, 1912, it conveyed all its logs and logging interest and all its interests in all contracts relating thereto to the American Lumber Company, and that said American Lumber Company took its place, became subrogated to all its rights, and assumed all its liabilities incident to the contract it had with appellee. It then prayed that the American Lumber Company be made a party to this suit, and that it have judgment over against said American Lumber Company for any sum appellee may recover against it.

The American Lumber Company was made party defendant upon the prayer of said Orange Lumber Company, and on the 11th day of September, 1913, it filed its plea in abatement, as follows:

"Now comes the defendant, American Lumber Company, and represents to the court that this was a suit instituted by J. O. Toole against the Orange Lumber Company, filed on or about the 7th day of March, A. D. 1913, that on a subsequent date, to wit, on or about the 11th day of September, A. D. 1913, an answer was filed in said cause, presumably by the Orange Lumber Company, attempting to bring this defendant into this cause, and asking for affirmative judgment over against this defendant, this defendant would represent to the court that on the date of the filing of this suit the Orange Lumber Company, which was at one time a corporation existing under the laws of the state of Texas, was defunct, and no longer had legal existence, and at the date of the filing of plaintiff's petition herein said Orange Lumber Company was incapable of either suing or being sued, and at the date of the filing of the pretended answer asked for affirmative relief as against this defendant, the said Orange Lumber Company was a defunct corporation and was not capable of suing or asking any relief whatever at the hands of this defendant."

After said American Lumber Company had filed its plea in abatement and the same had been overruled by the court, appellee, by his first amended petition, filed on September 9, 1914, alleged that the Orange Lumber Company's authorized capital stock was $600,000, divided into 6,000 shares of the par value of $100 each; that on the 27th day of February, 1912, at the time of the dissolution of Orange Lumber Company, corporation, one J. M. West was the owner of 5,998 shares of said stock; that A. M. Farrar and C. B. Granberry were the owners of one share each of said stock; that these three parties were the only shareholders of said stock, and they owned all of said stock; that upon the application or petition of said West, Farrar, and Granberry, said corporation was legally dissolved on the 27th day of February, 1912; that on the dissolution of said corporation the said J. M. West, as a stockholder, appropriated all the property of said corporation to his own use and benefit, and Farrar and Granberry received no part thereof; that at the time of said dissolution J. M. West, R. M. Farrar, and C. B. Granberry were the president, vice president, and secretary of said corporation, in the order named; that said West, Farrar, and Granberry also composed the board of directors of said corporation at the time of its dissolution; that by means of the acquisition of the said properties by said West as a director, he is liable to appellee in the sum of $1,844.40, being the debt owing by said corporation to appellee at the time of its dissolution, for which appellee prayed for judgment against J. M. West. Upon these allegations, J. M. West was made a party defendant to this suit on the 9th day of September, 1914, more than two years after the dissolution of said corporation. Appellee prayed for the extension of the corporate existence of said corporation until the termination of this litigation, for judgment for his debt, and for general relief.

After J. M. West had been made a defendant, in September, 1914, he filed his answer and specially excepted to so much of appellee's petition as seeks to recover from him, because it is shown on the face thereof that the cause of action alleged against him was barred by the two-year statute of limitation at the time he was made party to the suit. Pleading further, he denied all the allegations of the appellee's petition, and says that the Orange Lumber Company paid for all the logs received by it, adopted the answer of the Orange Lumber Company as his own, and prayed that, if judgment should be rendered against him for any sum, he have

judgment over against the American Lumber Company for the same sum.

On October 6, 1914, the American Lumber Company made its answer upon which it went to trial. It pleaded general denial to each of the allegations of appellee's petition; that, if any of the parties ever had any cause of action against it, the same was barred by the statute of two years' limitation, and adopted the answer of the Orange Lumber Company made to the petition of appellee Toole, in avoidance of a recovery against it, the said Orange Lumber Company.

Upon these pleadings, as above substantially stated, the case went to trial before a jury upon special issues submitted by the court, and thereupon the jury made the following findings of fact and conclusions, to wit:

(1) The Orange Lumber Company did, on the 25th day of May, 1910, enter into a contract with the plaintiff, J. O. Toole, to buy 575,240 feet of floating pine logs, and that Toole should put the logs in the Sabine river, and that the defendant Orange Lumber Company would accept the logs in the Sabine river, and float them to Orange, at its own expense, and have them scaled at Orange as they would arrive, make monthly report of logs received, and pay said Toole for the logs received at the rate of $7.50 per thousand feet until all the logs were received and paid for.

(2) That under said contract J. O. Toole delivered in the Sabine river 575,240 feet of logs.

(3) That J. O. Toole received pay for 329,-320 feet of the logs delivered in the river.

(4) That the American Lumber Company assumed the contract between Toole and the Orange Lumber Company.

(5) That the Orange Lumber Company did not carry out its alleged agreement to drive the logs of plaintiff Toole from where they were placed in the river to Orange.

(6) That under the contract the Orange Lumber Company was to pay for the logs according to the quantity received by it at Orange, and not according to the quantity placed in the Sabine river.

(7) That under the agreement or contract the logs became the property of the Orange Lumber Company at the point where they were placed in the river.

(8) That after Toole had placed the logs in the river, the Orange Lumber Company did carry out its agreement, and did drive the logs placed in the river by Toole down the Sabine river to Orange with its own logs and in the same manner that it did the logs driven by it generally.

(9) That the contract between Toole and the Orange Lumber Company was not for any specific quantity of timber; the amount was indefinite. Toole had the right under the contract to deliver whatever amount and number of logs he chose to deliver.

(10) That the Orange Lumber Company did not make every reasonable effort in its power to drive the logs placed in the river by Toole down the river with other logs being driven by it.

(11) That the Orange Lumber Company did not pay Toole for all the logs of his which it received at Orange.

Upon these seemingly contradictory findings, the court rendered judgment in favor of plaintiff, J. O. Toole, against J. M. West, trustee for the Orange Lumber Company, and the Orange Lumber Company, jointly and severally, for the sum of $1,844.41. It also renderd judgment in favor of J. M. West and the Orange Lumber Company over against the American Lumber Company for the same sum, for which judgment was renderd against them in favor of said Toole. From said judgment all defendants mentioned above have appealed.

[1] The first assignment presented in the brief of appellant American Lumber Company insists that the trial court erred in overruling appellant's plea in abatement, set out in full in the first portion of this opinion, which is to the effect that the suit should abate, because at the time this suit was brought against the Orange Lumber Company, a corporation, said corporation had been legally dissolved, was defunct, had no legal existence, and therefore was incapable of suing or being sued.

We find that the Orange Lumber Company was legally dissolved on the 27th day of February, 1912; that this suit was filed by plaintiff, J. O. Toole, against said defunct corporation, on the 7th day of March, 1913, more than a year after said dissolution; that on the 11th day of September, 1913, after the defunct corporation had been sued, or an attempt to sue it had been made, it interpleaded the American Lumber Company, as party defendant. Thereupon the American Lumber Company filed its plea in abatement as above set out, which was by the court overruled. Upon this action of the court the appellants base their first assignment of error.

The general rule as to the capacity of a defunct corporation to sue or be sued is that:

"After a corporation has become effectually dissolved in any mode known to the law, its power to sue in its corporate name is effectually extinguished. Thereafter it can maintain no action to enforce rights acquired during its life unless its capacity in this respect has been continued by the provisions of its charter or otherwise by statute." 10 Cyc. 1314; First National Bank v. Colby, 21 Wall. 614, 22 L. Ed. 687.

"The complete dissolution of a corporation destroys its capacity to be sued at law because a judgment can no more be rendered against a dead corporation than against a dead man." 10 Cyc. 1316, and authorities cited.

"It is well settled that after a corporation is dissolved it can do no act, nor can any judgment be entered against it." Giles, Receiver, v. Stanton, 86 Tex. 620, at page 625, 26 S. W. 615; Terry v. Bank, 66 Ga. 178.

It is insisted, however, by appellee Toole, that although the Orange Lumber Company, corporation, was dissolved and had ceased to exist at the time he brought his suit against it, he could by petition and prayer have the court to revive it and extend its existence under the provisions of article 1206, Revised Statutes of 1911, for the purpose of this suit.

Article 1206, supra, reads as follows:

"Upon the dissolution of any corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and to this end, and for this purpose they may, in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and to exercise the full power and authority of said company over such assets and properties; and the existence of every corporation may be continued for three years after its dissolution from whatever cause for the purpose of enabling those charged with the duty to settle up its affairs; and, in case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle up the affairs of such corporation."

It will be seen that there is nothing in this statute that by reasonable construction authorizes or empowers any court to call a dissolved corporation into existence of to continue its existence for the purpose of permitting suits to be brought against it. It can only be continued for the purposes mentioned in the statute, i. e., to enable the directors, whom the law has made trustees of its assets, to settle up its affairs in the manner pointed out by the statute. Rights asserted under a statute must be clearly given by the statute relied on, and cannot be raised by inference. If the statute relied upon for the assertion of such right does not clearly confer such right, it does not exist by virtue of such statute, and since appellee cannot sue the defunct corporation, independent of a statute authorizing such suit, it follows that the court erred in not sustaining appellants' plea in abatement and dismissing the suit. 10 Cyc. 1324.

[2] We overruled the second assignment of appellant American Lumber Company, which complains of the refusal of the trial court to give its special charge No. 5, as we think the question presented was substantially submitted by the court in its main charge and was answered by the jury.

[3] Appellants' third assignment, which is presented by all of the appellants, is that the undisputed evidence shows that the Orange Lumber Company was dissolved more than two years prior to making J. M. West a party defendant, and the plaintiff's cause of action is based upon an oral contract, and his cause of action, if any he had, accrued more than two years prior to the filing of his amended petition making West a party defendant, and said cause is barred by the statute of limitation of two years.

By the petition of appellee it is shown that the Orange Lumber Company was dissolved on or about February 27, 1912; that at that time appellee's cause of action had accrued. He alleges that it accrued January 1, 1912. It is shown by the record and by the undisputed facts that appellant West was not made a party to the suit until September 9, 1914, more than two years after the Orange Lumber Company had been dissolved, and after appellee's alleged cause of action had accrued, and that said cause of action was based upon an oral contract. We therefore conclude that upon the question of limitation, pleaded and insisted upon by all of the appellants, the law and facts were with appellants, and that the court erred in not rendering judgment for them on final hearing.

[4] Appellee, however, contends that West was sued as a trustee, in possession of property of a dissolved corporation, under and by virtue of the law, and therefore limitation would not run in his favor as against a creditor of the corporation until West in some way gave notice of his repudiation of the trust. We think the authorities are uniformly against such contention. Kennedy v. Baker, 59 Tex. 150; Hunter v. Hubbard, 26 Tex. 537; Anderson v. Stewart, 15 Tex. 286; Albrecht v. Albrecht, 35 S. W. 1076.

"Other states have enacted statutes which in substance provide that on the dissolution of a corporation the directors or managers of its affairs at that time shall be trustees of its creditors and shareholders, for the purpose of winding up its affairs. Such statutes have the necessary effect of abrogating the rule of the common law that all debts due the corporation are extinguished, but they merely transfer the right of action to recover them from the corporation to the statutory trustees. But the corporation itself may be none the less dissolved. Such a statute, unless it expresses something more than above indicated, does not have the effect of continuing the existence of the corporation, as cestui que trust, or otherwise, so as to render it capable of defending actions in its corporate name after its charter has expired. The effect of a statute of this kind does not arrest the running of the statute of limitation against any demand accruing to the corporation, upon which the directors as trustees acquire a right of action. A trust which has devolved upon them by the operation of the statute is not such a trust as arrests the running of the statute of limitations, such as those trusts which are within the exclusive jurisdiction of equity, arising in cases of partnership, agency, and the like." 10 Cyc. pp. 1325, 1326.

[5] Appellee also contends that, upon the death of the corporation against which he had a cause of action, the law of limitation ceased to run against such cause of action until 12 months after such death, and seeks to avail himself of the provisions of acticle 5704 of the Revised Statutes. That statute

renders him no relief. It provides only that upon the death of the debtor limitation shall cease to run for 12 months, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; then and in that case the law of limitation shall only cease to run until such qualification. This statute is not applicable to the present case, but if it was it would afford appellee no relief, as in the present case the directors of the deceased corporation by virtue of the law became the qualified trustees of the estate of the deceased or defunct corporation immediately upon its dissolution.

[6] We have considered the fourth, fifth, sixth, seventh, and eighth assignments, but from the disposition we shall make of this appeal we think the points raised by them immaterial, and that it is unnecessary to take them up and consider them in detail, and therefore we now come to the ninth and last assignment, which is as follows:

"There being no evidence as to what amount J. M. West received of the proceeds of the sale of the Orange Lumber Company, or that same ever was or is now sufficient to satisfy the demands of the plaintiff or any part thereof, the court erred in rendering judgment against said J. M. West for the full amount sued for herein."

There is no allegation by appellee that at the time of the dissolution of the Orange Lumber Company it had or owned any assets. Nor is there any evidence that it had assets at such time, nor that J. M. West received any of its assets whatever. In the state of the record before us, we conclude that the court erred in rendering judgment against West for any sum whatever, and, so believing, we sustain appellants' ninth assignment.

From what has been said, we conclude that the court erred in rendering judgment against the Orange Lumber Company and J. M. West in favor of appellee, and it follows that, if no judgment can be sustained against said Orange Lumber Company and West in favor of appellee, no judgment can be sustained in favor of said Orange Lumber Company and West over against the American Lumber Company, and, so concluding, we here reverse the judgment of the court below, and here render judgment for the appellants.

Reversed and rendered.