**LYON–GRAY LUMBER CO. v. GIBRALTER LIFE INS. CO. et al. (No. 2649.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 27, 1922. Rehearing Denied Jan. 25, 1923.)

**1. Abatement and revival ☾═39—Dissolution of corporation year prior to suit abates suit, in absence of statute.**

A private corporation, existing only as an artificial person, may pass out of existence by some form of dissolution as completely as a natural person may pass away by death, and the legal result of such a dissolution, whether before or during the pendency of a suit to which the corporation' is a party, would not be different from that which occurs when death removes a private individual pending a suit to

which he is a party. No judgment can be rendered for or against a dead man or a defunct corporation, except as may be specially provided by statute, in the absence of which the suit must abate for want of an indispensable party.

**2. Abatement and revival ☾═39—Dissolution of corporation before trial of action held to abate suit pending before statute as to abatement amended.**

Where a corporation was legally dissolved, under Rev. St. 1911, art. 1206, more than a year prior to the date of a trial in an action against it, and more than a year before article 1206 was amended by Act July 28, 1919 (Laws 2d Called Sess. 1919, c. 56 [Vernon's Ann. Civ. St. Supp. 1922, art. 1206]), providing that the dissolution of a corporation shall not operate to abate a pending suit, the suit was abated, and the dissolution, under article 1206, having effected a total extinction of the corporate entity, the act of July 28, 1919, did not apply, though the suit was pending during the 3-year limitation provided by law to wind up the affairs of a corporation.

**3. Corporations ☾═37—Corporate entity once legally extinct not revivable by subsequent law without consent of stockholders.**

If a corporate entity has become legally extinct, it cannot be revived by a subsequent law without the consent of the stockholders, and a private corporation can be created or extended only by the voluntary act of the interested parties in complying with some legal proceedings prescribed for such purposes by the general laws.

**4. Abatement and revival ☾═39—Statute preventing abatement of actions against dissolved corporation held not applicable to suits undecided at time of enactment "pending suits."**

In Act July 28, 1919 (Laws 2d Called Sess. 1919, c. 56 [Vernon's Ann. Civ. St. Supp. 1922, art. 1206]), amending Rev. St. 1911, art. 1206, providing that dissolution of a corporation shall not abate pending suits, the words "shall not operate to abate * * * any pending suit," etc., refer to suits pending after the amendment took effect, and not to all those cases undecided' at the time the law was passed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pending.]

*On Motion for Rehearing.*

**5. Corporations ☾═617(5)—Equity court cannot enter judgment against defunct corporation but under statutory receivership suit enforceable.**

Where a defendant corporation was legally dissolved prior to Act July 28, 1919 (Laws 2d Called Sess. 1919, c. 56 [Vernon's Ann. Civ. St. Supp. 1922, art. 1206]), amending Rev. St. 1911, art. 1206, so as to provide dissolution shall not abate pending suits, a court of equity could not enter a judgment against it, but the suit, being in a state of suspended animation, might have been revived by the appointment of a receiver, or by making the managing officers of the corporation parties to the

action as provided in article 1206, prior to its amendment.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Suit by the Lyon-Gray Lumber Company against the Gibralter Life Insurance Company and another. From a judgment against it, plaintiff appeals. Affirmed.

Head, Dillard, Smith, Maxey & Head, of Sherman, for appellant.

Edgar Wright, of Paris, for appellees.

HODGES, J. This suit was filed by the appellant to enforce a statutory lien for material furnished in the construction of a building owned by the Gibralter Life Insurance Company, a private corporation. The material facts are as follows: On May 27, 1914, the Gibralter Life Insurance Company entered into a contract with John T. Finn, a contractor, whereby Finn was to furnish the labor and material and erect a hotel building in the city of Paris, in Lamar county, on a lot owned by the insurance company. The consideration to be paid Finn was $87,-035.30. Some time before the building was finished Finn failed and became a bankrupt, and the construction of the hotel was completed by the insurance company. During the time Finn was engaged in the work, the appellant supplied him with building material to the value of $4,558.85; and legal steps were taken, including notice to the insurance company, required to fix a lien upon the building to secure the payment of that debt. Thereafter, and notwithstanding such notice, the insurance company paid to Finn the sum of $4,561.70. In February, 1915, the appellant filed this suit against the insurance company, joining Finn pro forma as a defendant, and sought to recover the value of the material furnished and to foreclose its lien on the hotel property. Some time later an amended original petition was filed, alleging the bankruptcy of Finn and renewing the prayer for judgment against the insurance company. An answer was filed in proper time by the insurance company in that suit. For reasons not disclosed by the record, the case was not tried till in March of 1922.

On that date, when the case was called for trial, no attorney appeared for the insurance company, but the attorney who had formerly filed its answer appeared as amicus curiæ, and suggested to the court the dissolution of the corporation known as the Gibralter Life Insurance Company. It was shown to the court that on January 7, 1918, while this suit was still pending, the Gibralter Life Insurance Company was dissolved by the voluntary act of its stockholders in the manner provided by law. The same attorney as amicus curiæ also filed a certificate from the Secretary of State showing compliance with the statutory requirements regarding the dissolution of private corporations, without any further material change in the pleading or status of the parties, the court heard the evidence adduced, rendered a judgment against appellant, and has filed his findings of fact and conclusions of law.

In his conclusions of law he states, in substance, that, having found that the plaintiff did everything required to fix and secure its lien, and that after notice given as provided by statute the Gibralter Life Insurance Company paid to Finn $4,561.70, he would hold that the appellant was entitled to a personal judgment against the life insurance company for $4,558.85, with interest together with the foreclosure of its lien on the building, but for the fact that the insurance company had been previously dissolved He also so concluded that Act July 28, 1919 (Laws 2d Called Sess. 1919, c. 56 [Vernon's Ann. Civ. St. Supp. 1922, art. 1206]), amending article 1206 of the Revised Civil Statutes, did not apply to pending suits instituted before the passage of that law. For these reasons he refused to render a judgment in favor of the appellant. It does not appear that the plaintiff below had applied for a receiver, or had made the managing officers of the corporation parties to the suit. The record shows that it rested its demand for a judgment solely upon the ground that the dissolution of the corporation pending this suit, less than three years having elapsed between the dissolution and date of trial, did not cause an abatement, that, in view of the law as amended, it was not necessary to make the managing officers of the corporation parties, or that a receiver should be appointed to take charge of its assets.

[1] The controlling question in this appeal is, did the dissolution of the corporation more than a year prior to the date of trial operate to abate this suit against it? A private corporation, existing only as an artificial person, may pass out of existence by some form of dissolution as completely as a natural person may pass away by death. The legal result of such a dissolution, whether before or during the pendency of a suit to which the corporation is a party, would not be different from that which occurs when death removes a private individual pending a suit to which he is a party. No judgment can be rendered for or against a dead man or a defunct corporation, except as may be specially provided by some statute. In the absence of such provisions, the suit must abate for want of an indispensable party. Orange L. Co v. Toole (Tex. Civ. App.) 181 S. W. 823; Corsicana Transit Co. v. Walton (Tex. Civ. App.) 189 S. W. 307; White v. Texas Motor Car & S. Co. (Tex. Civ. App.)

203 S. W. 441; Id. (Tex. Com. App.) 228 S. W. 138.

[2] Counsel for appellant insists, however, that the proceedings in this case should be controlled by article 1206, both before and after its amendment by Act July 28, 1919. That article, before amendment, was as follows:

"Upon the dissolution of any corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and to this end, and for this purpose they may, in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and to exercise the full power and authority of said company over such assets and properties; and the existence of every corporation may be continued for three years after its dissolution from whatever cause for the purpose of enabling those charged with the duty to settle up its affairs; and, in case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle up the affairs of such corporation."

The amendment of July 28, 1919, added the following:

"Provided that the dissolution of a corporation shall not operate to abate, nor be construed as abating any pending suit in which such corporation is a defendant, but such suit shall continue against such corporation and judgment shall be rendered as though the same was not dissolved, and in case no receiver has been appointed for said corporation, suit may be instituted on any claim against said corporation, as though the same had not been dissolved, and service of process may be obtained on the president, directors, general manager, trustee, assignee, or other person in charge of the affairs of the corporation at the time it was dissolved by whatever name they may be known in law, and judgment may be rendered as though the corporation had not been dissolved and the assets of said corporation shall be liable for the payment of such judgment just as if said corporation had not been dissolved."

We may concede that, had this statute as amended been in force at the time the insurance company was dissolved, it should have controlled the disposition of the case and would have authorized a judgment against the defunct corporation, notwithstanding its previous dissolution. But this amendment was enacted more than a year after the corporation had been legally dissolved. Appellant contends, however, that even under the terms of the original law the existence of the corporation was perpetuated for three years after its dissolution for such purposes as would prevent an abatement in suits of this character; that before that period expired the amendment of 1919 became effective and should control all the proceedings subsequently occurring. That might be true if it is correct to say that the corporate entity itself had not become totally extinct with its dissolution. The law as it originally stood did make provision for the settlement of claims against dissolved private corporations and the distribution of the assets on hand among the stockholders. To accomplish that end the president, directors, or managing officers, at the time of dissolution were made trustees of the creditors and stockholders. These trustees were given certain powers, and only such as were essential to wind up the corporate affairs and distribute the assets among the proper parties. They were authorized to use the corporate name in making conveyance, but they, as trustees, not as corporate agents, were the custodians of the power that was being exercised. This was a post mortem service which must be done by some one other than the defunct corporation. That the legal extension provided for was not broad enough to perpetuate the corporation itself has been heretofore decided. Orange Lumber Co. v. Toole, supra.

[3] If the corporate entity had ever once become legally extinct it could not be revived by a subsequent law without the consent of the stockholders. Under our system a private corporation can be created, or extended only by the voluntary act of the interested parties in complying with some legal proceedings prescribed for such purposes by the general laws. For the Legislature to undertake to re-create a body of stockholders into a corporation after a legal dissolution, or to revive any extinct powers and duties, without their consent, would clearly be retroactive legislation.

[4] However, it does not appear that the Legislature had any such end in view in the adoption of the amendment of 1919. The language of the act indicates only a prospective application. The words "shall not operate to abate * * * any pending suit," etc., evidently refer to suits pending at the time of the dissolution, and not to all those cases undecided at the time the law was passed.

We have, in the adoption of this amendment, a legislative construction of the law as it theretofore existed. In the emergency clause this language is used:

"The fact that under the present law the dissolution of a corporation is construed as having the effect of abating any pending suits, creates an emergency," etc.

The construction referred to can be no other than that of the appellate courts of this state. It was to prevent an abatement, the legal effect of that construction by courts, that the statute was amended. But the amendment can apply only to situations arising after its enactment.

The judgment will be affirmed.

### On Motion for Rehearing

[5] In an exhaustive argument on the motion for rehearing, counsel for appellant call attention to the distinction made by the courts between suits at law and suits in equity regarding the effect of the dissolution of a corporation during the pendency of a suit. In Life Association v. Goode, 71 Tex. 90, 8 S. W. 639, the court said:

"That upon the dissolution of the corporation the action abated there can be no question. Bank v. Colby, 21 Wall. 614; Mumma v. Potomac Co., 8 Peters, 281; Morawetz on Corporations, 1031.

"At law an action abated by the death of a sole defendant ceases for all purposes, is entirely dead, and cannot be revived. * * * The rule in the courts of equity is thus stated: 'An abatement, in the sense of the common law, is an entire overthrow or destruction of the suit, so that it is quashed or ended. But, in the sense of a court of equity, an abatement signifies only a present suspension of all proceedings in the suit, for the want of proper parties capable of proceeding therein. At common law a suit, when abated, is absolutely dead. But, in equity, a suit when abated, is (if such an expression be allowable) merely in a state of suspended animation, and it may be revived.'"

Under the rule announced above, the trial court could not, in this case, have rendered any judgment against the defunct corporation. The suit was at that time in a state of "suspended animation," because of the death of the defendant and the absence of any legal entity against which any judgment could be entered. Upon the dissolution of the life insurance company, the appellant might have secured the appointment of a receiver, or might have made the managing officers parties to this proceeding, and then proceeded to a judgment foreclosing its lien upon the property involved

The language of the last paragraph of the original opinion may be misleading. To make the meaning clearer it is proper to say that the language of the statute quoted in that paragraph refers to pending suits where the dissolution of the corporation took place after the statute took effect.

The motion for a rehearing is overruled.