BUTCHER et al. v. J. I. CASE THRESHING MACH. CO. (No. 2032.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 5, 1918. Rehearing Denied Dec. 12, 1918.)

1. CORPORATIONS ⊂⇒253—ACTIONS AGAINST STOCKHOLDER OF CORPORATION—EFFECT OF JUDGMENT AGAINST CORPORATION.

In a suit by a judgment creditor of a corporation against a stockholder to establish liability on the part of the stockholder, the judgment against the corporation is not only evidence, but, in the absence of fraud or lack of jurisdiction, conclusive evidence, of fact that the corporation was indebted to the plaintiff.

2. ABATEMENT AND REVIVAL ⊂⇒39—ACTIONS AGAINST CORPORATION—DISSOLUTION.

Dissolution of a corporation under Vernon's Sayles' Ann. Civ. St. arts. 1206–1208, did not abate a suit pending against the corporation, or deprive the court of power to render judgment; the dissolution under such statutes being a qualified one.

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Suit by the J. I. Case Threshing Machine Company against John F. Butcher and others. Judgment for plaintiff, and defendants appeal. Affirmed.

September 22, 1914, the Mineola Box Manufacturing Company, a corporation under the laws of Texas, made and delivered its five promissory notes for sums aggregating $1,920 to appellee. The notes were not paid

when they matured. After they had matured, to wit, on August 22, 1914, appellant commenced suit on the notes against the box manufacturing company in a district court of Dallas county. Before the cause was tried, to wit, on January 28, 1916, the box manufacturing company was by action of its stockholders, as provided in article 1205, Vernon's Statutes, dissolved as a corporation. No receiver for it was ever appointed. After the box manufacturing company was so dissolved, to wit, on March 8, 1917, judgment was rendered against it in appellee's favor for the amount of said notes by said district court of Dallas county. Executions issued on said judgment to Dallas and Lamar counties were returned unsatisfied. At the time the notes referred to were executed, and ever afterwards until it was dissolved as stated, appellant Butcher was the box manufacturing company's president, and appellant Wheeler was its secretary. They were its principal stockholders and its active directors, and exercised exclusive charge and control of its affairs. Before the dissolution of said box company, and during the pendency of said suit in Dallas county, said Butcher and Wheeler disposed of all the assets of the company, in value largely in excess of the amount of appellee's judgment, to another corporation, to wit, the Cummer Manufacturing Company, receiving therefor stock of said Cummer Manufacturing Company of the par value of $70,000, which they applied to their own use and benefit. Said Butcher and Wheeler after the dissolution of the box manufacturing company in its name defended the suit pending against it in Dallas county, and at no time before the entry of judgment therein pleaded or in any way suggested to the court that the box manufacturing company had been dissolved. But it was proven at the trial that the box manufacturing company had theretofore been dissolved. The suit resulting in the judgment from which this appeal is prosecuted was commenced by appellee September 24, 1917. It was on the judgment appellee had obtained against the box manufacturing company in the Dallas county district court, which appellee claimed appellants became liable and bound to pay by force of articles 1206, 1207, and 1208, Vernon's Statutes, as follows:

"Art. 1266. Upon the dissolution of any corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and to this end, and for this purpose, they may, in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and exercise the full power and authority of said company over such assets and properties; and the existence of every corporation may be continued for three years after its dissolution from whatever cause for the purpose of enabling those charged with the duty to settle up its affairs; and, in case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle up the affairs of such corporation.

"Art. 1207. The trustees mentioned in the preceding article shall be severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands.

"Art. 1208. If any corporation created under this title or any general statute of this state, except railway, or charitable or religious corporations, be dissolved, leaving debts unpaid, suit may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of dissolution for the recovery of the portion of such debt for which they were liable; and the execution upon the judgment shall direct the collection to be made from property of each stockholder respectively," etc.

In their answer appellants charged, as the box manufacturing company did in reply to appellee's suit against it in the Dallas county district court, that the consideration for the notes had failed, and on the trial offered evidence in support of its answer. And appellants in their answer further charged that the judgment sued upon was void because the box manufacturing company had been dissolved as a corporation before the time when it was rendered. The trial court, however, concluded that the judgment was a valid one, and in this suit was conclusive as against appellants of the fact that the box manufacturing company was indebted to appellee as it determined. He therefore excluded the evidence offered to impeach the judgment, and on the case as presented to him rendered judgment in appellee's favor. The complaint by appellants on this appeal is that the trial court erred in excluding said evidence and in holding that the judgment of the Dallas county district court was not void for the reason stated.

A. P. Park, of Paris, for appellants.

Wright & Patrick, of Paris, and Spence, Haven & Smithdeal, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It seems to be very well settled that, in a suit by a judgment creditor of a corporation against a stockholder therein to

establish liability on the part of the stockholder for the debt, the judgment against the corporation is not only evidence, but, in the absence of fraud in procuring it, or lack of jurisdiction in the court to render it, conclusive evidence, of the fact that the corporation was indebted to the plaintiff as determined by such judgment. 7 R. C. Law, p. 420, and authorities there cited; note to McBryan v. Universal Elevator Co., 97 Am. St. Rep. 463.

"The prevailing view," said the writer of the article on "Corporations," in 7 R. C. Law, "is that a judgment against a corporation is conclusive against the stockholders in any action or proceeding to enforce their individual liability; and the courts make no distinction between cases in which actions are brought against stockholders on account of unpaid subscriptions and those wherein the object is to enforce the statutory or constitutional liability. Until reversed in some direct proceeding for that purpose it cannot be collaterally attacked, even though the stockholder is a nonresident and not personally served with process, and though he never appeared or had notice of the suit."

As we understand it, appellants are not in the attitude of combating the correctness of the rule as it is stated in the quotation above, but, rather, their insistence is that the case is within a qualification of the rule stated by the same writer as follows:

"A judgment against a corporation is not conclusive against a stockholder as to his liability for its debts when such judgment is open to attack by him on the ground that it was obtained by fraud or collusion or in a court not having jurisdiction."

[2] They do not claim the judgment was procured by fraud, but assert that the effect of the dissolution of the box manufacturing company was to abate the suit pending against it in the Dallas county district court, and so deprive that court of power to render the judgment it did render against said box manufacturing company. No doubt such would have been the effect of the dissolution of the corporation but for the statute set out in the statement above. R. C. Law, pp. 750, 751, and authorities there cited. It will be noted that by the terms of that statute (article 1206) appellants, as the managers of the affairs of the box manufacturing company at the time it was dissolved, when it was dissolved became trustees for its creditors and stockholders, with full power to "settle its affairs," and for that purpose were empowered in its name to "compromise controversies" and to "maintain or defend judicial proceedings," it will be noted, also, that by the terms of the statute the dissolution of the corporation was a qualified one; that is, it continued to exist for three years after its dissolution, so far as it was

necessary for the purpose of enabling appellants "to settle up its affairs." It would seem therefore that the common-law rule invoked by appellants did not apply to the case; that because of the statute the suit in the Dallas county district court did not abate when the box manufacturing company was dissolved; and that appellants were within their rights and were discharging their duty as the managers of the affairs of the corporation at the time it was dissolved, when they took up and continued the defense of the suit in its name. Such, in effect, seems to have been the view of the statute taken by the Supreme Court of the United States in Pease v. Rathbun-Jones Engineering Co., 243 U. S. 273, 37 Sup. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147. Appellants insist, however, that the court of Civil Appeals for the First District in Lumber Co. v. Toole, 181 S. W. 823, and this court in Transit Co. v. Walton, 189 S. W. 307, hold to a contrary view. We do not think so. Each of those cases, as appears from the report of the one first mentioned and from the record here of the other, is distinguishable from the Pease Case, as it is from this one, in that in each of them the suit against the corporation was commenced after the corporation had been dissolved.

There is, we think, no error in the judgment. Therefore it is affirmed.

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes