BURKBURNETT REFINING CO. ET AL. V. A. G. ILSENG ET AL.

No. 4744. Decided March 2, 1927.

(292 S. W., 179).

1.—Corporation—Dissolution—Abatement of Suit—Substitution of Officers as Plaintiffs.

Under Art. 1388, Rev. Stats., 1925, the president and directors of a dissolved corporation, who are thereby made trustees for its creditors and stockholders with power to settle its affairs and maintain or defend judicial proceedings involving its assets and property, could have themselves substituted as plaintiffs for the corporation in a suit by it pending at the time of its dissolution, though more than three years had elapsed after such

dissolution when so substituted. No time limit is placed on the right so to do given them by Art. 1388, nor is that right affected by Arts. 1389, 1390, in regard to dissolved corporations. A plea by defendants in abatement of the suit because such substitution as plaintiffs was made more than three years after the dissolution was improperly sustained. (Pp. 370-373).

**2.—Cases Discussed.**

Ferguson-McKinney Dry Goods Co. v. Garrett, 252 S. W., 738, followed, and other cases on dissolved corporations discussed and distinguished. (P. 371).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for their opinion thereon and here adopts same and directs that it be certified as the answer of the court.

*Austin F. Anderson* and *Luther Hoffman,* for appellants.

The dissolution of a private corporation during the pendency of a suit filed by it, will not abate such suit; but the directors or managing officers thereof or the trustees for creditors and stockholders may substitute themselves as parties plaintiff, and in their name the suit will proceed to final judgment. Ferguson-McKinney D. G. Co. v. Garrett, 252 S. W., 738; Townes' Texas Pleading, 657; R. C. L., 50; Life Assn. of Amer. v. Goode, 8 S. W., 639; 1 C. J., par. 7, p. 28; Lyon-Gray Lbr. Co. v. Gibraltar L. Ins. Co., 269 S. W., 80; Rev. Stats., Arts. 1388, 1389.

*Cantey, Hanger & McMahon; Alfred McKnight* and *Warren Scarborough,* for appellee.

There was no error on the part of the trial court in sustaining the appellees' plea in abatement, since the undisputed evidence disclosed that subsequent to the institution of the suit and on the 13th of June, 1921, the plaintiff corporation was regularly and legally dissolved, and therefore the time in which the substituted plaintiffs as trustees had the right to prosecute suits for and on behalf of the dissolved corporation expired, under the provisions of Art. 1389, Rev. Stats., 1925, three years later. The attempted order of substitution was void, the cause of action having previously to that time, together with the right of the plaintiffs to prosecute the same, abated. Corpus Juris, pp. 1149 and 1150; 7 R. C. L., 738 and 739; Life Assn. of Amer. v. Goode, 71 Texas, 90; Kelly v. Rochelle, 93 S. W., 164; Sec. 1, Amendment 1919, Arts. 1388, 1389 and 1390, Rev. Stats.; Lyon-Gray Lbr. Co. v.

Gibraltar L. Ins. Co., 269 S. W., 80; Corpus Juris on Corpora-
tions, Sec. 3804, Vol. 14a, p. 1151; Sec. 3824, p. 1162, same
volume; Fletcher on Corporations, Vol. 8, Sec. 5506, pp. 9202
to 9204, and Note.

The effect of the substitution was the commencement of a new
suit and on a new cause of action, and such substitution of the
appellants as plaintiff and the prosecution of such suit by them
having transpired upon the asserted cause of action (same being
upon an open account) more than two years after the dissolu-
tion of the corporation and more than two years after the
original cause of action in favor of the corporation accrued, the
general statutes of limitation were a bar.     Ruling Case Law, Vol.
7, Sec. 757, p. 743; Ferguson-McKinney Dry Goods Co. v. Gar-
rett, 252 S. W., 738; Life Assn. of Amer. v. Goode, 71 Texas, 90.

MR. PRESIDING JUDGE POWELL delivered the opinion of the
Commission of Appeals, Section B.

This case is before the Supreme Court upon the following
certificate from the Honorable Court of Civil Appeals of the
Second District:

"On April 26, 1921, in the District Court of Wichita County,
the Burkburnett Refining Company, a corporation, sued A. G.
Ilseng and A. T. Russell, individually and as partners, doing
business under the name of Russell-Ilseng Drilling Company, for
the collection of the balance of an open account amounting to
$2,248.53.

"Citation was originaly issued on October 13, 1920; alias
citation was issued on December 13, 1920; pluries citation on
April 25, 1921; and finally, on May 3, 1921, service was per-
fected on A. G. Ilseng.     A. T. Russell was never served.     Ilseng,
upon being brought into court, pleaded his privilege to be sued
in Tarrant County, Texas, under a plea of privilege filed by him
on April 17, 1924.     On May 7, 1924, the cause was transferred
to the District Court of Tarrant County.     On May 9, 1924, the
cause was docketed in the District Court of Tarrant County;
on June 6, 1924, defendant Ilseng filed his answer, which was
withdrawn under an order of court on May 16, 1925; on May
27, 1925, appellants, J. C. Hunt and others, who constituted the
last board of directors and the officers of the Burkburnett Refin-
ing Company, filed their application to be substituted as parties
plaintiff; their application set up the fact that the Burkburnett
Refining Company, a corporation, had been dissolved and that
the movants were entitled to prosecute the action as plaintiffs
in the capacity of trustees for the creditors and stockholders of

the dissolved corporation. The court duly entered its order substituting the appellants as parties plaintiff.

"On April 3, 1925, the defendants filed their verified plea in abatement, in which plea it was stated that on June 13, 1921, the Burkburnett Refining Company was dissolved and proper certificates of dissolution were filed in accordance with the law in the office of the Secretary of State of the State of Texas, and on such date the Secretary of State issued his certificate certifying to the filing of such certificates by the stockholders of such corporation, and certifying in all things to the full dissolution of such corporation. That said corporation was on said date duly and legally dissolved and ceased to exist and has not existed since said date. That said cause was thereafter transferred to the Forty-eighth District Court of Tarrant County on a plea of privilege and continued to be maintained on the docket of that court with the said Burkburnett Refining Company, a purported corporation, as party plaintiff; that no substitution of party plaintiff was attempted to be made herein until the 27th day of March, 1925, when, upon an ex parte hearing upon motion filed, the said parties prosecuting this suit as plaintiffs were substituted as parties plaintiff in lieu of the said Burkburnett Refining Company. That said substitution was made some four years after the dissolution of such corporation as aforesaid, and that such substitution was in law too late. That by reason of the facts herein stated, this cause should be dismissed and abated.

"The answer of defendant Ilseng was filed subject to the plea in abatement and without waiving the same. The order of the court withdrawing the original answer of the defendants recites that such answer was filed without knowledge on the part of the defendant's attorneys of the previous dissolution of the Burkburnett Refining Company, and such order withdrew the original answer of the defendant so filed, and the court ruled that the answer of the defendant filed on April 3, 1925, and styled 'An Amended Answer' should be considered as the original answer of the defendant, and should be considered as filed subject to and without prejudice to the plea in abatement filed by defendant on April 3, 1925.

"On a hearing on the plea in abatement, the court sustained said plea, and dismissed the suit as attempted to be prosecuted by the former directors and officers of the Burkburnett Refining Company. Said order and judgment further recited that the defendants go hence without day and recover their costs. To

this judgment the substituted plaintiffs excepted and have appealed to this court.

"In our consideration of the case, we deem it advisable to certify to your honors the following question:

"Did the trial court err in sustaining the plea in abatement and dismissing the cause?

"In our study of the question so certified we have carefully examined Arts. 1388, 1389 and 1390, of the 1925 Code, and the cases of Butcher v. J. I. Case Threshing Machine Co., 207 S. W., 980, by the Texarkana Court of Civil Appeals; Orange Lbr. Co. v. Toole, 181 S. W., 823, by the Galveston Court of Civil Appeals, writ of error refused; Corsicana Transit Co. v. Walton, 189 S. W., 307, by the Texarkana Court of Civil Appeals, affirmed in 222 S. W., 979; Farmers Mill & Elevator Co. v. Hodges, 248 S. W., 72, by the Amarillo Court of Civil Appeals; Ferguson-McKinney Dry Goods Co. v. Garrett, 252 S. W., 738, by Section B of the Commission of Appeals, opinion by Justice Powell; Pease v. Rathbun-Jones Engineering Co., 243 U. S., 273, 61 Law Ed., 715, Ann. Cases, 1918 C, 1147, and a number of other cases. In the case of Butcher v. J. I. Case Threshing Machine Co., supra, the Texarkana Court of Civil Appeals discussed the claim of conflict of that case with the cases of Orange Lbr. Co. v. Toole and Corsicana Transit Co. v. Walton, supra, in the following language:

" 'We do not think so. Each of those cases, as appears from the report of the one first mentioned and from the record here of the other, is distinguishable from the Pease case, as it is from this one, in that in each of them the suit against the corporation was commenced after the corporation had been dissolved'."

This certificate involves the construction of Art. 1389 of the Rev. Civil Stats. of 1925. And, Arts. 1388, 1390 and 1391 are related statutes. Therefore, we quote them all, as follows:

"Art. 1388. Upon the dissolution of a corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and for this purpose they may in the name of such corporation, sell, convey

and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and exercise full power and authority of said company over such assets and property. Said trustees shall be severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands.

"Art. 1389. The existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty, to settle up its affairs. In case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle the affairs of such corporation.

"Art. 1390. The dissolution of a corporation shall not operate to abate, nor be construed as abating any pending suit in which such corporation is a defendant, but such suit shall continue against such corporation and judgment shall be rendered as though the same were not dissolved.

"Art. 1391. When no receiver has been appointed for said corporation, suit may be instituted on any claim against said corporation, as though the same had (not) been dissolved, and service of process may be obtained on the president, directors, general manager, trustee, assignee, or other person in charge of the affairs of the corporation at the time it was dissolved, and judgment may be rendered as though the corporation had not been dissolved, and the assets of said corporation shall be liable for the payment of such judgment just as if said corporation had not been dissolved."

Arts. 1388 and 1389, supra, were enacted by the Legislature in 1907 and were carried forward in the Revised Statutes of 1911. In 1919, the Legislature added, in one Act, what had been quoted above as Arts. 1390 and 1391. The codifiers of 1925 made no material change in the Acts of the Legislature. They simply divided the Acts into the various articles aforesaid.

We have carefully reviewed the decisions specifically mentioned by the Court of Civil Appeals. None of them, because of different facts involved, except the case of Ferguson-McKinney Dry Goods Co. v. Garrett, supra, sheds any light upon the real question at issue here. In the Garrett case, this Section of the Commission of Appeals did have before it a case where more than three years had elapsed before the substitution occurred. We recommended the judgment entered in that case upon several independent theories. What we said upon the point now at issue

was not essential to the decision in the Garrett case. But, some of the language we used there would warrant the holding here that the trial court erred in abating this cause of action. We are still convinced that our conclusion, in this respect, in the Garrett case was correct.

Under the common law, causes of action did abate upon the dissolution of a corporation. In this connection, we quote a correct summary of the modern situation from 7 R. C. L., Sec. 753, p. 740, as follows:

"The common law doctrine which had its origin in the fact that corporations were originally either municipal or ecclesiastical whose property must either revert or escheat is now practically obsolete in this country either by virtue of statutes or by the equitable doctrine that the assets of a dissolved corporation will be protected in equity as a trust fund for creditors and stockholders. In one State, at least, the remedy provided by statute for winding up the affairs of dissolved corporations has been declared to be exclusive, and hence to deprive equity of any jurisdiction it might otherwise possess. This is not conceded in other States. It is probable, at all events, if the statutory remedy is incomplete, or in any set of circumstances inadequate, that equity still has jurisdiction to assist by granting additional relief."

Secs. 756 and 757 of the same volume of R. C. L. are interesting with reference to statutory provisions of this kind, *in general;* and also extending corporate existence for winding up purposes.

In Texas, our courts have long adhered to the doctrine that the assets of a dissolved corporation will be protected in *equity* as a trust fund for creditors and stockholders. In 1907, our Legislature began the enactment of remedial statutes. In 1919 other articles were added. As we construe our statutes, the Legislature has given to creditors and stockholders of a dissolved corporation the same broad measure of relief which *equity* would have afforded in the absence of legislation. Art. 1388, without any time limitation, authorizes these trustees to defend and maintain suits and generally settle up the affairs of the dissolved corporation. Under this article, the assets pass into the hands of these trustees and they are charged with definite duties and responsibilities. This very article authorizes the substitution of these trustees as parties plaintiff in the further prosecution of the case at bar.

Art. 1389 is merely cumulative of Art. 1388. It but provides that, as an aid to the trustees in performing their duties as pre-

scribed in Art. 1388 the corporation itself, for limited purposes only, *may* continue for three years and even longer under a receivership if the court thinks it necessary. But, even if such continuance of the corporation itself for limited purposes is not had, at the option of the trustees, they still have the right and are charged with the duty of defending and maintaining suits in the protection of the assets of the corporation.

For the reasons indicated, we recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.