·FIRST NATIONAL BANK OF WICHITA FALLS, TRUSTEE TRUST NO. 2, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FIRST NATIONAL BANK OF WICHITA FALLS, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FIRST NATIONAL COMPANY OF WICHITA FALLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 111179, 111180, 111181. Promulgated February 7, 1944.

*Harry C. Weeks, Esq.*, for the petitioners.
*Samuel G. Winstead, Jr., Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: We shall decide the questions in the order previously stated.

The first question is whether we have jurisdiction in the case of the dissolved corporation in Docket No. 111181. This question was raised for the first time in petitioner's opening brief. This Court being a tribunal of limited jurisdiction, a plea of no jurisdiction may be raised at any time. *French & Co.*, 10 B. T. A. 665, 671. See also section 50.07, vol. 9, Mertens Law of Federal Income Taxation. The petition in Docket No. 111181 was filed in the name of "First National Company of Wichita Falls." The petition was signed by Harry C. Weeks, Benjamin L. Bird, and R. B. Cannon as "Counsel for Petitioner" and was verified by W. M. McGregor, who, upon "being duly sworn, says that he was the President and a Director of the First National Company of Wichita Falls, a Texas corporation, referred to in the foregoing petition as Petitioner, at the date such corporation was completely liquidated * * *."

By a resolution of the stockholders of the company adopted at a meeting held on February 1, 1938, in accordance with subdivision 3 of article 1387 of Vernon's Annotated Texas Statutes, provision was made for the liquidation and dissolution of the company. The company was duly dissolved on February 7. 1938. Article 1389 of Vernon's Annotated Texas Statutes provides:

> The existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty, to settle up its affairs. In case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle the affairs of such corporation.

No receiver has been appointed to settle up the affairs of the company. The respondent had notice of the dissolution within the three-year period provided for in article 1389. *supra* but did not issue the deficiency notice in question until after the expiration of such three-

year period. The petition of the company was filed in this proceeding on May 23, 1942. The company ceased to exist on February 7, 1941, at which time the power and authority of its officers and directors terminated. It follows that we have no jurisdiction to determine the proceeding in Docket No. 111181. *Lincoln Tank Co.*, 19 B. T. A. 310. Doubtless if the Commissioner had determined the deficiency prior to three years after the dissolution of the company and the company had filed its petition with this Court prior to three years from the date of its dissolution we would have acquired jurisdiction and the directors would have had the authority to carry on the litigation to completion. Cf. *Burkburnett Refining Co.* v. *Ilseng*, 292 S. W. 179. We, however, have no such situation before us.

The second question is to determine the ownership of the duplicated income. This is the income produced by the assets transferred to the two trusts. Although the respondent in determinations of equal rank and dignity has determined that the income produced by the assets transferred to each trust is taxable both to the respective trusts and to the dissolved corporation, he now in his reply brief clarifies his position by contending primarily that the income produced by the assets transferred to the two trusts (Trust Nos. 1 and 2) is all taxable to the dissolved corporation, and only in the alternative does he now contend that the income produced by the assets transferred to each trust is taxable to each respective trust. Although we do not have jurisdiction to determine this matter as far as the dissolved corporation is concerned, we are forced to determine the ownership of the income produced by the assets transferred to Trust No. 2. for if such income belonged to the dissolved corporation it would follow that the deficiencies determined against the trustee of Trust No. 2 should be disallowed. On the other hand, if such income is the income of Trust No. 2, we must determine the remaining questions relating to that proceeding. These remaining questions are set forth in our opening statement.

The respondent bases his primary position on the further contentions that the company did not liquidate on February 7, 1938. when it transferred its net assets to the two trusts in accordance with the resolution of the stockholders; that the 98 stockholders were wrong in treating these transfers as a complete liquidation of the company; that the respondent was himself wrong in first recognizing and approving these transfers as a complete liquidation of the company; that the decision of the Federal District Court for the Northern District of Texas in *McGregor* v. *Thomas*, June 2, 1942. is not *res adjudicata* of the question now under consideration; and that the trustees of Trust No. 1 and the trustee of Trust No. 2 should for income tax purposes be treated for the taxable periods which we have before us as the liquidat-

ing agents of the company rather than as separate trust entities. In support of this clarified position the respondent cites and relies upon such cases as *Wells Fargo Bank & Union Trust Co.* v. *Blair*, 26 Fed. (2d) 532; *Taylor Oil & Gas Co.* v. *Commissioner*, 47 Fed. (2d) 108; certiorari denied, 283 U. S. 862; *Mrs. Grant Smith*, 26 B. T. A. 1178; *Hellebush* v. *Commissioner*, 65 Fed. (2d) 902; *Whitney Realty Co., Ltd.* v. *Commissioner*, 80 Fed. (2d) 429; certiorari denied, 298 U. S. 668; *First Nat. Bank of Greeley* v. *United States*, 86 Fed. (2d) 938. We think respondent must be sustained on the strength of the authorities cited.

The Treasury regulation which was approved and given effect in the cited cases is one which has been in force for many years and is the same as printed in the margin.[2]

The facts in *First Nat. Bank of Greeley* v. *United States, supra,* are very similar to those present in the instant case. The court, after stating the facts in that case, said:

It seems entirely clear that appellant is trustee for the corporation. It was to convert assets into cash; collect on this large contract, and if necessary sue on it, and it was such a contract as might well have resulted in litigation; it was to pay taxes and debts; it was measurably subject to the control of the stockholders. In fact, it carried out the liquidation precisely as the corporation would have done if it had completed the task. Conceding that the corporation might have distributed these assets, including this contract, in kind to the stockholders, and that the stockholders might then have selected a trustee and assigned to it, and thus avoided a corporate tax—this was not in fact done. Doubtless because of the inconvenience of such a transaction, perhaps because it could not be sure each stockholder would assign to a trustee, or the same trustee, or for other reasons we know not of, this was not done, and we cannot decide this case on what might have been done. Before dissolution, the corporation selected the trustee, assigned its property to it, agreed upon its powers—in fact, did everything which was done. The stockholder did nothing except vote to dissolve.

The case of *Merchants National Building Corporation*, 45 B. T. A. 417; affd., 131 Fed. (2d) 740, is distinguishable on its facts. In that case the income in question which the Commissioner sought to tax to the dissolved corporation was from securities transferred to a trustee for purposes of liquidation and distribution of the proceeds to the stockholders some four months prior to the time that the dissolution of the corporation itself had been decided upon. We laid stress on this latter fact and emphasized that it was this circumstance which

---

[2] Art. 22(a)-21. [Regulations 101.] *Gross income of corporation in liquidation.*— When a corporation is dissolved, its affairs are usually wound up by a receiver or trustees in dissolution. The corporate existence is continued for the purpose of liquidating the assets and paying the debts, and such receiver or trustees stand in the stead of the corporation for such purposes. (See sections 274 and 298.) Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss. No gain or loss is realized by a corporation from the mere distribution of its assets in kind in partial or complete liquidation, however they may have appreciated or depreciated in value since their acquisition. * * *

made the case distinguishable from *First Nat. Bank of Greeley* v. *United States, supra,* and other similar cases. In pointing out this distinction we said:

\* \* \* While it is, of course, true that the solution of each case of this nature depends upon its own peculiar facts, we must give due consideration to a Treasury regulation which has been so often accorded by this Board and the courts the force and effect of law. This makes application of articles 22 (a)–21 and 52–2 of Treasury Regulations 86 and 94 obligatory if the assets were all transferred as a step toward dissolution, regardless of the form of the dissolution, unless there has in fact been a distribution in kind to the stockholders.

The record negatives the conclusion that dissolution was contemplated prior to September 1934, four months after the May 1934 transfer of assets to the bank in trust for the stockholders. In May there was no dissolution contemplated. The minutes of the directors' and stockholders' meetings in May, and the resolutions adopted thereat, clearly show that the action then taken was intended to effect only a liquidation of those assets of the corporation the retention of which would violate the provisions of section 20 of the Banking Act of 1933, and to continue the corporation with curtailed activities. \* \* \*

We have no such condition in the instant case. Clearly, the setting up of the First National Bank of Wichita Falls as trustee of Trust No. 2 and the transfer to it by First National Co. of Wichita Falls of its remaining assets were a part of the plan for the dissolution and final liquidation of the company. Therefore, we think article 22 (a)–21 of Regulations 101, printed in footnote No. 2, *supra*, is applicable and that the income in question for 1938 and 1939 was not the income of the First National Bank of Wichita Falls, trustee of Trust No. 2, but was the income of the corporation in dissolution, the First National Co. of Wichita Falls.

Petitioner in Docket No. 111179, in support of its contention that the income from the property transferred to Trust No. 2 on February 7, 1938, was income to it and not to the dissolved corporation, strongly relies upon the judgment of the District Court of the United States for the Northern District of Texas in *McGregor* v. *Thomas,* decided June 2, 1942. The pleadings and judgment in that suit are in evidence in these proceedings. Petitioners do not contend that this judgment is *res judicata* and, of course, it is not. If, as petitioners contend, the judgment of that court be interpreted to mean that from February 7, 1938, to December 31, 1939, the income from the property transferred to Trust No. 2 was income of the trust and not of the dissolved corporation, then with all due respect to the learned court, we decline to follow the judgment. We feel compelled to give effect to the applicable regulation we have quoted in the margin and to follow the line of cases which we have cited. It follows that the First National Bank of Wichita Falls, trustee of Trust No. 2, had no income for the period February 7 to December 31, 1938, and none for the calendar year 1939. Since the trust had no income for

those periods, it is unnecessary to determine whether it was an association taxable as a corporation or to determine the other issues raised by the petitioner in the alternative.

It should be pointed out that the Commissioner has not determined any liability against Trust No. 2, as transferee. Therefore, we do not have before us its liability, if any, as transferee of the assets of the company. Cf. *Milk Bottle Exchange, Inc.*, 43 B. T. A. 33.

In holding that article 22 (a)-21 of Regulations 101 is applicable to the facts of this proceeding and that the income in question for the period February 7 to December 31, 1938, and for the calendar year 1939 was not the income of Trust No. 2, we express no opinion as to what the tax status of the trust became after the expiration of the three-year period provided for by article 1389 of Vernon's Annotated Texas Statutes for the continued existence for limited purposes of a corporation in dissolution. The tax periods which we have before us embrace the first 23 months following the dissolution of the company, when it did have an existence for limited purposes.

> *In Docket No. 111179 a decision of no deficiencies will be entered. In Docket No. 111180 a decision of no transferee liabilities will be entered. In Docket No. 111181 an order dismissing the proceeding for lack of jurisdiction will be entered.*