HICKMAN, C. J., and SMEDLEY and CALVERT, JJ., join in this dissent.

WILSON, Justice (concurring).

The certified question should be answered in the negative.

On the original submission both opinions took the position that there was little or no distinction between the liability of the retailer and that of the wholesaler. I felt that under Griggs Canning Co. v. Josey, 139 Tex. 623, 164 S.W.2d 835, 142 A.L.R. 1424, and dicta in Decker & Sons v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479, the implied warranty based upon public policy extended to all selling food. Upon rehearing I have decided that the broad liability of an implied warranty based upon public policy should not be extended beyond limits necessary to satisfy that public policy. The question of whether to follow or overrule the Griggs case is not before us. The question at bar is whether or not a wholesaler should be directly liable to the consumer.

The reasoning used in either case does not apply to the wholesaler. As to him, there is no sale between him and the consumer to support the rationale of the Griggs case. Neither does the rationale of the Decker case fit his situation since there is neither opportunity to know and control the contents of the sealed package nor representations or inducements made by him to the consumer. The case of Walker v. Great Atlantic & Pacific Tea Co., 131 Tex. 57, 112 S.W.2d 170, 172, was expressly based upon the retailer's conduct. The court said:

"* * * The can of corn was so labeled as to conceal from the buyer the identity of the manufacturer. This conduct in legal effect put the retailer in the place of the manufacturer."

The record at bar does not disclose either the wording of the label or the name of the manufacturer. This suit was filed on the theory that the defendant was the manufacturer. In response to request for admissions it developed that the defendant was a wholesaler.

Our food distribution system has in recent years undergone a great change. The function formerly performed by the broker and wholesaler has in many instances been taken over by the retail chain stores, or by buying cooperatives or associations. Wholesalers have organized retail outlets under many different patterns. The different situations of the middlemen are so varied and complex that each should be governed by his own contract.

Under a second consideration of this case I find no impelling reason to extend to a wholesaler a direct liability to the consumer. There is little basis in the common law and none under Rule 38, T.R.C.P. The question here does not involve the possible ultimate liability of this wholesaler if impleaded by the retailer, but whether he is liable in a direct action. Any attempt to overrule the Griggs case in the proceeding at bar would be dicta.

**O'QUINN et ux. v. SCOTT et al.**

**No. 3049.**

Court of Civil Appeals of Texas. Waco.

July 10, 1952.

Rehearing Denied Sept. 25, 1952.

G. Woodson Morris, Chas. R. Hancock, San Antonio, for appellants.

Wood & Clopton, Austin, John M. Lawrence, III, Bryan, for appellees.

HALE, Justice.

This is an appeal from a summary judgment rendered in favor of appellees. The controlling question presented on the appeal is whether the cause of action asserted by appellants in the court below against W. W. Scott Construction Co., a corporation, and the other appellees as trustees of the corporation after its dissolution, was barred by limitations under the provisions of Arts. 5526 and 5539b of Vernon's Tex. Civ.Stats. If so, the judgment should be affirmed; otherwise, it should be reversed.

On October 17, 1949, appellants, Justine O'Quinn and wife, filed their original petition in the trial court against W. W. Scott, J. M. Fountain and W. E. Kutschback, alleging that on October 18, 1947, the defendants were partners in the construction business and were operating under the firm name of W. W. Scott Construction Co.; that on the latter date appellants sustained certain injuries to their persons and property in Winnsboro, Wood County, Texas, as a result of the construction work being done by defendants for the City of

Winnsboro; and that their injuries were proximately caused by various specific acts of negligence on the part of the agents, servants and employees of the defendants, to their damage in the sum of $25,800, for which they sought recovery. On November 3, 1949, defendants filed their joint answer to the original petition of appellants wherein they denied under oath that they were engaged in the construction business as a partnership under the name of W. W. Scott Construction Co. at the times and places mentioned in the petition of appellants or that they were engaged as individuals or as a partnership in any construction work as therein alleged.

On March 2, 1950 appellants filed their first amended petition in the cause, naming W. W. Scott Construction Co., a corporation, as an additional defendant. The allegations contained in the first six paragraphs of the amended petition were substantially the same as the allegations contained in their original petition. In paragraph seven of their amended petition, appellants pleaded in the alternative that if the three individuals therein named as defendants were not responsible as partners for the construction work by which they were injured, then the defendant, W. W. Scott Construction Co., a corporation, was responsible for such work and the acts of negligence therein complained of were committed by the agents, servants and employees of the corporation. In paragraph eight of their amended petition they further pleaded, in the alternative, that if W. W. Scott Construction Co. no longer existed as a corporation, then in that event the three individuals therein named as defendants were the sole officers of the corporation at the time it was dissolved and as such they received all of the property and effects of the dissolved corporation and by reason thereof they were individually and collectively responsible as trustees to appellants. They prayed for recovery against the three individuals named as defendants; and in the alternative, for recovery against the corporate defendant; and in the further alternative, for recovery against the three individual defendants in their capacity as trustees.

On March 29, 1950, W. W. Scott Construction Co., a corporation, acting by its attorney, filed its answer in the cause which consisted, among other affirmative defenses, of a plea of limitation as follows: "That plaintiffs' cause of action, if any they had against this defendant, accrued more than two years before the filing of their first amended petition, which this defendant alleges was the commencement of this suit in so far as this defendant was concerned and that said cause of action was barred by limitation, all of which he was ready to verify."

In due time the defendants named in the first amended petition of appellants filed and presented their joint motion under the provisions of rule 166–A, Texas Rules of Civil Procedure, for a summary judgment in their favor. The motion was based upon an affidavit executed by the three individuals named as defendants in the cause. From the affidavit it appears that the affiants were not engaged as partners at any time in construction work, either at Winnsboro or elsewhere; that W. W. Scott Construction Co. was a corporation duly organized and existing as such under the laws of Texas on and prior to October 18, 1947 and on the latter date it was engaged under a contract with the City of Winnsboro in doing certain construction work in that city; that the corporation continued in the construction business for about one year after that date when it became insolvent; that upon becoming insolvent all of its assets were reduced to cash and paid to its creditors; that the corporation was dissolved on December 30, 1948 and that none of the affiants received any property or money from the corporation, either as individuals or trustees. There was no claim in the affidavit that the affiants were not the sole officers of the corporation at the time of its dissolution. The motion for a summary judgment was granted and judgment was summarily rendered that appellants take nothing by reason of their suit against appellees.

 In order to establish their asserted right to a summary judgment under the provisions of rule 166–A, T.R.C.P., appellees had the burden of showing at the

hearing of their motion that, except as to the amount of damages claimed by appellants, there was no genuine issue as to any material fact alleged in the first amended petition of appellants and that appellees were entitled to a judgment in their favor as a matter of law. If the cause of action alleged by appellants in their first amended petition against W. W. Scott Construction Co., a corporation, or the individual defendants named therein as trustees, was barred by the statutes of limitation, then in that event appellees discharged their burden and the trial court was warranted in granting their motion; but if such cause of action was not barred by limitation, then we must assume there were genuine issues as to the material facts determinative of the corporation's alleged liability to appellants for their claimed damages and in that event the trial court was not authorized to render a summary judgment in favor of the corporation.

Art. 5526 of Vernon's Tex.Civ.Stats. provides that there shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits for injury done to the person or property of another. Art. 5539b of Vernon's Tex.Civ.Stats. reads as follows: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

Arts. 1388–1391 of Vernon's Tex.Civ. Stats. provide in substance that upon the dissolution of a corporation, unless a receiver is appointed by some court of competent jurisdiction to liquidate its affairs, the president and directors of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to wind up its affairs in the manner therein set forth; that the existence of a dissolved corporation may be continued for three years after its dissolution for the purpose of enabling those charged with the duty, to settle up its affairs; and that, when no receiver has been appointed for a dissolved corporation, suit may be instituted on any claim against the corporation as though it had not been dissolved, and service of process may be obtained on the president, directors, trustees or other person in charge of its affairs at the time it was dissolved and judgment may be rendered against the corporation as though it had not been dissolved. See also Rules 29 and 160, T.R.C.P.

■ Since the cause of action alleged by appellants in their original petition accrued within two years prior to the commencement of their suit, their action was not subject to a valid plea of limitation at the time when their original petition was filed. The cause of action alleged in their first amended petition was based upon the same transaction and occurrences set forth in their original petition. The only new or different facts alleged in the amended petition related to whether W. W. Scott Construction Co. was a partnership or a corporation at the time when the cause of action declared upon arose and, if it was a corporation rather than a partnership, as to whether it had been dissolved and, if so, as to whether the individual defendants named in the original petition were the sole officers of the corporation at the time of its dissolution. Did these new facts or grounds of alleged liability let in a valid plea of limitation on behalf of the dissolved corporation or its trustees in liquidation at the time when the amended petition was filed?

■■ The purpose of statutes of limitation is not to permit debtors to escape their just obligations, but is rather "to prevent demands originally invalid or which

had been discharged from being enforced after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established." Hanley v. Oil Capital Broadcasting Ass'n, 141 Tex. 243, 171 S.W.2d 864, 865, pt. 1. See also Southern Surety Co. of New York v. First State Bank, Tex.Civ.App., 54 S.W.2d 888, er. ref., 53 C.J.S., Limitations of Actions, § 1, b, pages 901 et seq. Furthermore, it is generally held that the filing of an amended petition which merely changes the capacity in which a defendant was originally sued does not constitute the commencement of a new suit so as to allow limitation to run until the time when the amended petition was filed. 54 C.J.S., Limitations of Actions, § 275, pages 308 et seq., 34 Am.Jur. p. 225, Sec. 277; 28 Tex.Jur. p. 207 et seq., Sec. 114.

For the purposes of this appeal we must assume that W. W. Scott Construction Co. was not a partnership composed of the three individual defendants named in the pleadings of appellants at the time when the latter's cause of action accrued on October 18, 1947, but it was at that time a corporation. However, at the time when appellants filed their original petition on October 17, 1949, the corporation as such had no actual existence in fact because it had been dissolved and its continued existence as a legal fiction was accomplished under the provisions of the applicable statutes by and through the official status of the three individual defendants in their respective capacity as trustees of the dissolved corporation, they being its sole officers at the time of its dissolution. As trustees of the dissolved corporation W. W. Scott and his associates knew at the time they were brought into court in response to appellants' original petition that appellants were mistaken in their allegations to the effect that the construction company was a partnership when the cause of action therein declared upon arose, and they were charged with notice that appellants could and in all reasonable probability would amend their pleadings so as to sue them in their representative capacity as trustees of the dissolved corporation when the true facts in that regard were ascertained.

Under the circumstances shown by the record before us, we have concluded that the filing of appellants' amended petition on March 2, 1950 did not let in a valid plea of limitation on behalf of the dissolved corporation or its statutory trustees in liquidation. We think our conclusion is in harmony with the holding of the Supreme Court in the recent case of Hallaway v. Thompson, Trustee, 148 Tex. 471, 226 S.W.2d 816. See also: Waggoner v. Edwards, Tex.Civ.App., 68 S.W.2d 655, pts. 4, 5 and 6; West v. Johnson, Tex.Civ.App., 129 S.W.2d 811; Texas & P. Ry. Co. v. Hoffman, 83 Tex. 286, 18 S.W. 741; Grand Lodge A. O. U. W. of Texas v. Bollman, 22 Tex.Civ.App. 106, 53 S.W. 829, er. ref.; Pickering Mfg. Co. v. Gordon, Tex.Civ. App., 168 S.W. 14; Crabtree v. Markham Lumber Co., Tex.Civ.App., 238 S.W. 368; Burkburnett Refining Co. v. Ilseng, 116 Tex. 366, 292 S.W. 179; San Antonio & A. P. Ry. Co. v. D. M. Picton & Co., Tex.Civ. App., 111 S.W.2d 842, er. ref.

Because we have concluded that the trial court erred in rendering a summary judgment against appellants and in favor of W. W. Scott Construction Co. as a corporation, the judgment appealed from is reversed and the cause is remanded to the court below for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

LESTER, C. J., took no part in the consideration or disposition of this case.